United States Court of Appeals

For the Sixth Circuit

**Louis Chandler**

 Petitioner-Appellant,

v.

**Mike Brown**

 Respondent-Appellee.

Case No. 23-1270

Appeal from the United States District Court for the Western District of Michigan, Civil Case No. 19-cv-263

---

# Louis Chandler's Statement in Response to the People's Supplemental Memorandum of Law

---

Jessica Zimbelman (P72042)
Deputy Director
*Counsel for Mr. Chandler*

State Appellate Defender Office
200 N. Washington, Suite 250
Lansing, MI 48913
Phone: (313) 256-9833
jzimbelman@sado.org

Matthew A. Monahan
Assistant Federal Defender
613 Abbott Street, Suite 500
Detroit MI 48226
matthew_monahan@fd.org

Dated: July 7, 2025

# Table of Contents

Index of Authorities.....................................................................................3

Statement in Response to the People's Supplemental Memorandum of Law ......................................................................................................4

Statement of the Case ..............................................................................6

Argument Against Rehearing En Banc ....................................................7

    I.   Mr. Chandler asserted that the federal law guaranteeing his right to meaningfully present a complete defense was unreasonably applied by the Michigan Court of Appeals. This Court agreed twice. In its Memorandum of Law Supplementing Petition for Rehearing En Banc, Respondent yet again mischaracterized the rights Mr. Chandler asserted..................................................................................................7

    II.  The panel's decision does not conflict with *Scheffer* or *Jackson* because they are different factual permutations of the same general right to present a complete defense. ......................................................9

    III. The panel's harm analysis was proper under *Brecht*. ...................12

Conclusion and Relief Requested...........................................................15

Certificate of Compliance with Type-Volume Limitation ......................16

Certificate of Service ............................................................................17

# Index of Authorities

**Cases**

*Andrew v White,*
> 604 U.S. __; 145 S. Ct. 75 (2025) .......................................................... 11

*California v Trombetta,*
> 467 U.S. 479 (1984) ................................................................................ 7

*Chambers v. Mississippi,*
> 410 U.S. 284 (1973) ................................................................................ 9

*Chandler v. Brown,*
> 126 F.4th 1178 (6th Cir. 2025) ......................................................... 6, 8

*Chandler v. Brown,*
> 137 F.4th 525 (6th Cir. 2025) ..................................................... passim

*Ferensic v. Birkett,*
> 501 F.3d 469 (6th Cir. 2007) .................................................................. 9

*Nevada v. Jackson,*
> 569 U.S. 505 (2013) .......................................................................... 10, 11

*Ungar v. Sarafite,*
> 376 U.S. 575 (1964) ................................................................................ 9

*United States v. Scheffer,*
> 523 U.S. 303 (1998) .......................................................................... 10, 11

*Washington v. Texas,*
> 388 U.S. 14 (1967) .................................................................................. 9

**Statutes**

Nev. Rev. Stat. 50.085(3) ........................................................................... 10

**Rules**

Fed. R. App. P. 40(b)(2) .............................................................................. 5

## Statement in Response to the People's Supplemental Memorandum of Law

To defeat this Court's grant of habeas—now twice—Respondent continues to assert that Mr. Chandler made constitutional claims that he has never made.

Mr. Chandler has always argued that the trial court violated his clearly established federal constitutional right to meaningfully present a complete defense. The violation of this general right, based on the particular facts of Mr. Chandler's case, is why this Court's grant of habeas relief comports with Supreme Court precedent. See *Chandler v. Brown*, 137 F.4th 525, 545 (6th Cir. 2025) (quoting *Panetti, Woodall*, and *Andrew* to make clear that "[g]eneral legal principles can constitute clearly established law for purposes of AEDPA so long as they are holdings of [the Supreme Court].")

The decision does not conflict with any decision of the United States Supreme Court. Respondent is merely recycling the same claims that

have now been rejected twice by this Court. There is no need for this

Court to review the panel's opinion en banc.[1]

---

[1] There is a proposed amendment to Rule 40 regarding en banc petitions. If adopted, the rule would read: "Extraordinary Nature of Petition for Rehearing En Banc. A petition for rehearing en banc is an extraordinary request intended to bring to the attention of the entire court a precedent-setting error of exceptional public importance or an opinion that directly conflicts with Supreme Court or Sixth Circuit precedent. Counsel fully discharges his or her duty in a case without filing a petition for rehearing en banc unless the case meets the rigid standards of Fed. R. App. P. 40(b)(2). Alleged errors in the determination of state law or in the facts of the case (including sufficient evidence), or errors in the application of correct precedent to the facts of the case, are matters for panel rehearing but not for rehearing en banc." There is nothing extraordinary or precedent-setting about Mr. Chandler's case, nor does it conflict with existing cases, as detailed in Mr. Chandler's response to the en banc petition and within this brief. While Mr. Chandler acknowledges this is not the current version of Rule 40, the violation of Mr. Chandler's right to present a defense is fact specific and unlikely to repeat.

## Statement of the Case

Mr. Chandler adopts the factual and procedural background as stated by this Court. *Chandler v. Brown*, 137 F.4th 525 (6th Cir. 2025).[2]

---

[2] The Background sections of the original opinion and the amended opinion are essentially identical. Compare *Chandler v. Brown*, 137 F.4th 525 (6th Cir. 2025) with *Chandler v. Brown*, 126 F.4th 1178 (6th Cir. 2025).

## Argument Against Rehearing En Banc

**I.** **Mr. Chandler asserted that the federal law guaranteeing his right to meaningfully present a complete defense was unreasonably applied by the Michigan Court of Appeals. This Court agreed twice. In its Memorandum of Law Supplementing Petition for Rehearing En Banc, Respondent yet again mischaracterized the rights Mr. Chandler asserted.**

To discredit this panel's amended opinion, Respondent reframes Mr. Chandler's claim. According to Respondent, Mr. Chandler asserted the right to "introduce extrinsic evidence to impeach a prosecution witness's general credibility." *Respondent-Appellee's Supplemental Memorandum*, p. 2. This is a distortion of Mr. Chandler's claim, which he has always (since before trial) raised as a violation of the constitutional right to meaningfully present a complete defense.

The right at issue here is simple and longstanding: Mr. Chandler had "a meaningful opportunity to present a complete defense" at trial. *Chandler v. Brown*, 137 F.4th 525, 537 (6th Cir. 2025), quoting *California v Trombetta*, 467 U.S. 479, 485 (1984). It is not, as Respondent asserted, necessary for there to be a United States Supreme Court opinion holding "that enforcing a notice requirement prohibiting extrinsic evidence is unconstitutional" because that is not the right asserted. *Respondent-*

*Appellee's Supplemental Memorandum*, p. 3. Respondent claimed that the amended opinion "rephrased the clearly established federal law at issue." *Respondent-Appellee's Supplemental Memorandum*, pp. 4-5. This Court did no such thing. The clearly established federal law has always been that Mr. Chandler "has the right to present a complete defense." *Chandler*, 137 F.4th at 538; *Chandler*, 126 F.4th at 1194.

No matter how many times Respondent tries to change the claims Mr. Chandler has made, it cannot do so and therefore cannot change the holding this Court has now twice issued—that Mr. Chandler, specifically, was unconstitutionally unable to present a complete defense, due to the trial court's errors—errors acknowledged by the Michigan Court of Appeals.

Respondent said that even though the panel allegedly changed the federal law at issue, the analysis was the same and Respondent's argument "for rehearing en banc still applies." *Respondent-Appellee's Supplemental Memorandum*, p. 5. So, Respondent, in their petition for en banc review, again put all their eggs in the *Scheffer* and *Jackson* baskets. Notably, Respondent did not even cite *Nevada v. Jackson* in its brief to this Court before oral argument. And that's because this case has

never been about notice requirements or extrinsic evidence. It has always been about Mr. Chandler specifically being unable to present his version of the facts through his witnesses, including lay and expert testimony, which violated his right to present a defense. *Chandler*, 137 F.4th at 537-39.

## II. The panel's decision does not conflict with *Scheffer* or *Jackson* because they are different factual permutations of the same general right to present a complete defense.

This Court cited three United States Supreme Court cases that "defin[ed] the right to present a complete defense" and one case from this Court that "appl[ied] this clearly established federal law under the AEDPA standard." *Chandler*, 137 F.4th 525, 537-539:

- *Washington v. Texas*, 388 U.S. 14 (1967)

- *Chambers v. Mississippi*, 410 U.S. 284 (1973)

- *Ungar v. Sarafite*, 376 U.S. 575 (1964)[3]

- *Ferensic v. Birkett*, 501 F.3d 469 (6th Cir. 2007).

---

[3] *Ungar* addressed the denial of a continuance and a person's due process rights being violated. Because this Court granted Mr. Chandler's habeas petition based on the "exclusion of Chandler's witnesses and evidence," it did not address the denial of continuances l and whether it violated the constitution. *Chandler*, 137 F.4th at 544 n.9.

9

Not only did Respondent mischaracterize Mr. Chandler's claims, Respondent mischaracterized the holdings in *United States v. Scheffer*, 523 U.S. 303 (1998) and *Nevada v. Jackson*, 569 U.S. 505 (2013) as creating holdings that they do not. Rather, like for Mr. Chandler, *Scheffer* and *Jackson* are different factual permutations of a person being denied the right to present a complete defense.

*Scheffer* and *Jackson* both involved statutes that rendered evidence inadmissible. See *Jackson*, 569 U.S. at 509-510 (Nev. Rev. Stat. 50.085(3)) and *Scheffer*, 523 U.S. at 305, 309 (Military Rule of Evidence 707). Taken together, these two opinions establish that a person's right to a complete defense can be reasonably limited through rules and statutes. See *Chandler*, 137 F.4th at 539-540.

What these cases do not clearly establish, however, is that the denial of extrinsic evidence cannot result in the denial of a complete defense or that the exclusion of evidence based on a lack of notice cannot result in the denial of a complete defense. See *Respondent-Appellee's Supplemental Memorandum*, pp. 6-9. Therefore, even if Mr. Chandler had made these claims, neither *Scheffer* nor *Jackson* created a clearly

established rule. Rather, both are different factual scenarios about the right to present a complete defense.

In fact, just like this Court did in Mr. Chandler's case, the Supreme Court cited to *Washington* and *Chambers* as foundational law in both cases. See *Scheffer*, 523 U.S. at 308, 315-317; *Jackson*, 569 U.S. at 509. This alone shows that *Scheffer* and *Jackson* apply the clearly established federal law about the right to present a complete defense.

The right to present a complete defense is general, see *Chandler*, 137 F.4th at 539-541, and Mr. Chandler's claim was "premised on new facts." *Id.* at 545. This does not mean, however, that clearly established law was not violated. To the contrary, the right to present a complete defense is "fundamental enough that when new factual permutations arise, the necessity to apply the earlier rule will be beyond doubt." *Id.*, quoting *Andrew v White*, 604 U.S. __, __; 145 S. Ct. 75, 82 (2025).

In 1998, the Supreme Court was presented with a new factual scenario about whether Mr. Scheffer was deprived of his right to present a complete defense when the trial court denied him the ability to present polygraph results in his trial. In 2013, the Supreme Court was presented with a new factual scenario about whether Mr. Jackson was deprived of

his right to a complete defense when the trial court denied him the ability to introduce police reports about prior allegations of abuse.

Now, in 2025, this Court was presented with the new factual scenario about whether Mr. Chandler was deprived of his right to a complete defense when the trial court rushed him to trial and denied him the ability to call lay witnesses and expert witnesses to testify in his defense. Both *Scheffer* and *Jackson* were based on different factual scenarios of the general rule and are inapplicable, as detailed clearly by this Court. See *Chandler*, 137 F.4th at 545-46.[4]

## III.   The panel's harm analysis was proper under *Brecht*.

Respondent suggested that this Court's harm analysis should have changed because of a "recognition of its error" regarding the amount of evidence Mr. Chandler wanted to introduce at trial. *Respondent-Appellee's Supplemental Memorandum*, pp. 9-11.

First, this Court did not state it had erred in its factual summary. This Court has already responded to the arguments that Respondent

---

[4] See also Louis Chandler's Response to Petition for Rehearing En Banc, March 19, 2025, pp. 8-11 (outlining distinctions with *Scheffer* and *Jackson*).

made in their supplemental memo regarding the evidence the jury heard about Mr. Chandler's supposed guilt, because Respondent already made them to this Court in prior briefing and at oral argument. But, because Respondent has no new arguments, they have resorted to assigning admitted error to this Court when this Court admitted to no such thing.

Second, the harm analysis this Court engaged in was proper under *Brecht* because "the excluded evidence could have introduced reasonable doubt into a juror's mind." *Chandler*, 137 F.4th at 547-548. As this Court rightly pointed out, although all the evidence from Respondent's Supplemental Memo and other arguments before this Court "could support Chandler's conviction, this is not a sufficiency-of-the-evidence case." *Chandler*, 137 F.4th at 551. This Court properly adopted a "wider lens," to find that "[t]he paucity of direct evidence inculpating Chandler on this record, coupled with the considered excluded evidence casting serious doubt on A.C.'s credibility leaves us with grave doubt about whether Chandler's verdict was affected by the trial court's errors." *Id.*

What happened at Mr. Chandler's trial—the excluded lay and expert testimony and the lack of direct evidence of guilt—combined to present a specific, harmful set of facts that led to a trial where Mr.

Chandler could not present a complete defense. This exact set of facts is unlikely to repeat. This Court faithfully applied clearly established federal law in the context of AEDPA.

## Conclusion and Relief Requested

This Court should deny Respondent-Appellee's Petition for Rehearing En Banc.

Respectfully submitted,

/s/ Jessica Zimbelman
Jessica Zimbelman (P72042)
Deputy Director
State Appellate Defender Office
200 N. Washington, Suite 250
Lansing, MI 48913
Phone: (313) 256-9833
jzimbelman@sado.org

Matthew A. Monahan
Assistant Federal Defender
613 Abbott Street, Suite 500
Detroit MI 48226
matthew_monahan@fd.org

Dated: July 7, 2025

## Certificate of Compliance with Type-Volume Limitation

This brief complies with the type-volume limitation of Fed. R. App. 40(d)(3)(A) because it contains fewer than 3,900 words, excluding the brief sections exempted by Rule 32(f). The brief contains 1,860 words.

Respectfully submitted,

/s/ Jessica Zimbelman
Jessica Zimbelman (P72042)
Deputy Director
State Appellate Defender Office
200 N. Washington, Suite 250
Lansing, MI 48913
Phone: (313) 256-9833
jzimbelman@sado.org

Matthew A. Monahan
Assistant Federal Defender
613 Abbott Street, Suite 500
Detroit MI 48226
matthew_monahan@fd.org

Dated: July 7, 2025

## Certificate of Service

I certify that on July 7, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to the Warden's counsel of record.

Respectfully submitted,

/s/ Jessica Zimbelman
Jessica Zimbelman (P72042)
Deputy Director
State Appellate Defender Office
200 N. Washington, Suite 250
Lansing, MI 48913
Phone: (313) 256-9833
jzimbelman@sado.org

Matthew A. Monahan
Assistant Federal Defender
613 Abbott Street, Suite 500
Detroit MI 48226
matthew_monahan@fd.org

Dated: July 7, 2025