No. 23-1270

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LOUIS CHANDLER,

    Petitioner-Appellant,

v.

MIKE BROWN,

    Respondent-Appellee.

Appeal from the United States District Court
Western District of Michigan, Northern Division
Honorable Paul L. Maloney

**RESPONDENT-APPELLEE'S MOTION TO STAY THE MANDATE**

Respondent-Appellee the State of Michigan, by attorneys, Dana Nessel, Attorney General for the State of Michigan, Ann Sherman, Solicitor General, and Jared Schultz, Assistant Attorney General, and pursuant to Federal Rule of Appellate Procedure 41, asks this Court to enter an order staying the issuance of the mandate of its published May 9, 2025, amended opinion so that the State may file a petition for a writ of certiorari in the Supreme Court of the United States. The State argues the following in support of its motion to stay the mandate:

1. In 2015, Petitioner-Appellant Louis Chandler was convicted in a Michigan state court of two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(2)(b), for abusing an eight-year-old girl that he and his wife were fostering. (7/19/15 Trial Tr., R. 9-6, Page ID # 405.) He was sentenced to 25-to-75 years in prison. (8/20/15 Sentencing Tr., R. 9-7, Page ID # 420.) The Michigan Court of Appeals affirmed Chandler's convictions, *People v. Chandler (After Remand)*, No. 329605, 2017 WL 6502801, at *1, *7 (Mich. Ct. App. Dec. 19, 2017), and the Michigan Supreme Court declined to review the case, *People v. Chandler*, 917 N.W.2d 646 (Mich. 2018) (order).

2. In 2019, Chandler filed a petition for a writ of habeas corpus in the district court. (12/30/10 Pet., R. 1.) The district court denied the petition but granted a certificate of appealability. (2/23/23 Order, R. 15, Page ID # 1021–22.)

3. In an opinion dated January 24, 2025, a panel of this Court reversed. (1/24/25 Op., Doc. 37-2, Page 2.) The panel conditionally granted a writ of habeas corpus to Chandler and remanded the case to the district court "with instructions to order Chandler's release from

custody unless the State of Michigan grants him a new trial within ninety days." (*Id.*, Page 29.)

    4. The State filed a motion for rehearing en banc, which this Court initially granted. (5/9/25 Order, Doc. 43-2, Page 2.) But it separately "voted to return the case to the original panel for entry of an amended opinion." (*Id.*) The original panel thereafter issued an amended opinion, in which it again conditionally granted Chandler habeas relief and ordered that he either be released or retried within 90 days. (5/9/25 Amended Op., Doc. 44-2, Page 32.)

    5. After the amended petition was issued, the State continued to assert, in a supplemental pleading requested by this Court, that en banc rehearing was warranted. On July 31, 2025, this Court issued an order denying the State's petition for rehearing en banc. (7/31/25 Order, Doc. 49-2, Page 2.) Judges Thapar and Murphy dissented, joined by Judges Griffin and Readler. (*Id.*, Pages 3–28 (Thapar and Murphy, J.J., dissenting).)

3

6. The State respectfully requests that this Court stay the mandate so that it can file a petition for a writ of certiorari in the Supreme Court of the United States.[1]

7. Federal Rule of Appellate Procedure 41(d)(1) provides that a motion to stay the mandate pending the filing of a certiorari petition

---

[1] This Court has granted similar motions by the State in other actions involving habeas grants.  See unpublished orders in *Baugh v. Nagy*, No. 21-1844 (Oct. 31, 2022); *Byrd v. Skipper*, No. 18-2021 (Nov. 4, 2019); *Etherton v. Rivard*, No. 14-1373 (Sept. 25, 2015); *Blackston v. Rapelje*, No. 12-2668 (May 19, 2015); *Donald v. Rapelje*, No. 12-2624 (Sept. 17, 2014); *McClellan v. Rapelje*, No. 11-1841 (Apr. 3, 2013); *Lancaster v. Metrish*, No. 10-2112 (Sept. 12, 2012); *Perkins v. McQuiggin*, No. 09-1875 (May 3, 2012); *Rice v. White*, No. 10-1583 (Feb. 6, 2012); *Walker v. McQuiggin*, No. 10-1198 (Dec. 2, 2011); *Miller v. Stovall*, No. 08-2267 (Oct. 8, 2010); *Cooper v. Lafler*, No. 09-1487 (June 10, 2010); *Lett v. Renico*, No. 07-2174 (June 22, 2009); *Smith v. Berghuis*, No. 06-1463 (Feb. 24, 2009).

In several of those cases, the Supreme Court has subsequently granted the State's petition for a writ of certiorari. *Woods v. Etherton*, 578 U.S. 113 (2016); *Woods v. Donald*, 575 U.S. 312 (2015); *Metrish v. Lancaster*, 569 U.S. 351 (2013); *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Howes v. Walker*, 567 U.S. 901 (2012); *Stovall v. Miller*, 565 U.S. 1031 (2011); *Lafler v. Cooper*, 566 U.S. 156 (2012); *Renico v. Lett*, 559 U.S. 766 (2010); *Berhuis v. Smith*, 559 U.S. 314 (2010).

And in another case, after this Court refused to grant a stay, the Supreme Court stepped in to recall the mandate—before granting certiorari and ultimately reversing this Court. *Brown v. Davenport*, 141 S. Ct. 1288 (2021) (recalling and staying the mandate); 141 S. Ct. 2465 (2021) (granting the State's petition for writ of certiorari); 596 U.S. 118, 145 (2022) (reversing this Court's judgment).

"must show that the petition would present a substantial question and that there is good cause for a stay."

8. This case asks whether Chandler's right to present a defense was violated when the state trial court excluded testimony from a set of the victim's former foster parents—the Hamblins—as well as testimony from an expert on memories. The state trial court concluded that the Hamblins' testimony was barred by the Michigan Rules of Evidence and that the expert's testimony was precluded by state procedural rules regarding proper disclosure of witnesses. (5/9/25 Am. Op., Doc. 44-2, Page 5.) The Michigan Court of Appeals found that the trial court did not properly analyze the Hamblins' purported testimony under the state evidentiary rules and that precluding the expert witness's testimony under procedural rules was too harsh in these circumstances. (*Id.*, Page 10.) Yet the state appellate court found that Chandler was not prejudiced by the errors and that the errors did not violate the federal constitution. (*Id.* at 10–11.)

This Court found that the state court's decision was an unreasonable application of clearly established federal law and granted habeas relief.

The State's petition will present two substantial questions.

9. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1), prohibits a federal court from granting habeas relief unless the state court's decision was "an unreasonable application" of "clearly established" Supreme Court precedent. The relevant Supreme Court precedent here establishes that a court cannot exclude evidence based on an evidentiary rule that is " 'arbitrary' " or " 'disproportionate to the purposes [it is] designed to serve' " if it " 'infringe[s] upon a weighty interest of the accused.' " *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 55 (1987)). But the Supreme Court has never addressed whether a misapplication of an otherwise valid state rule can rise to the level of a federal constitutional violation.

In this case, the state trial court relied on well-established, otherwise valid state rules to exclude evidence that arguably could have impacted the victim's general credibility. Yet, without direction from the Supreme Court on what to do in these cases, the panel here found that the state court's *misapplication* of a valid state rule did not further a valid state justification and that Chandler had a weighty interest in

presenting the evidence. (5/9/25 Am. Op., Doc. 44-2, Page 17–20.) In other words, the panel borrowed the Supreme Court's test in cases involving proper applications of arbitrary rules and applied it to a case involving the *misapplication* of otherwise valid rules.

Thus, the first substantial question that the State will raise in the Supreme Court is:

> Does the Supreme Court's precedent holding that a court may not exclude significant defense evidence by relying on an arbitrary rule clearly establish that a constitutional violation arises when a court excludes evidence based on a misapplication of an otherwise valid state rule?

10. Even if the Supreme Court's precedents involving the right to present a complete defense apply to Chandler's case, the Michigan Court of Appeals did not unreasonably apply them here.

The Michigan Court of Appeals reasonably determined that the excluded evidence did not involve a "weighty interest" for Chandler. *Scheffer*, 523 U.S. at 308. The Supreme Court's precedent involving the right to present a defense generally involve the exclusion of evidence of " 'facts' about the alleged crime at hand[.]" *Id.* at 316–17. And the Court has declined to grant habeas relief when a state court relies on a valid state rule when excluding evidence bearing on a victim's

credibility. *Nevada v. Jackson*, 569 U.S. 505, 510 (2013). In this case, the excluded evidence involved only the victim's credibility—it was unrelated to Chandler, the abuse at hand, or sexual assaults in general.

Thus, the State will raise this substantial question in the Supreme Court:

> Does Supreme Court precedent clearly establish that a criminal defendant has a "weighty interest" in presenting evidence that involves only a witness's general credibility and is not related to the facts of the underlying crime?

11. Because the panel here "committed fundamental errors that [the Supreme] Court has repeatedly admonished courts to avoid," *Sexton v. Beaudreaux*, 585 U.S. 961, 967 (2018) (per curiam), the Court is likely to grant the petition. In fact, four members of this Court opined that the panel's decision in this case "violated a host of AEDPA rules" (7/31/25 order denying rehearing en banc, Page 25 (Thapar and Murphy, J.J., dissenting)), "ignored AEDPA's strictures and granted habeas relief absent clearly established Supreme Court law" (*id.* at 27), and "committed the types of errors that the Supreme Court has seen fit to summarily reverse" (*id.* at 4).

12. There is also good cause to stay the mandate. Without a stay, the State will be put in an untenable procedural position.

8

This Court ordered that Chandler must be released or provided with a new trial within 90 days, a period which will begin running when this Court issues the mandate. If the mandate is issued as scheduled on August 7, *see* Fed. R. App. P. 41(b), the period within which the State must act will end on November 5, 2025. But the deadline for the State to file its petition in the Supreme Court is one week before that date, October 29, 2025. *See* Supreme Court Rule 13. Chandler would then have 30 days within which to file a brief in opposition, *see* Supreme Court Rule 15.3, creating a deadline of November 28, 2025. If Chandler files a brief on that date, the case will be distributed and "placed on the next relevant conference list that is at least 14 days after the filing date for the brief in opposition." (Supreme Court Jan. 2023 Memo. Concerning the Deadlines for Cert Stage Pleadings and the Scheduling of Cases for Conference at 4(c).) Thus, the pleadings would not be distributed until at least December 16, 2025, and distributed at conference, at earliest, on January 9, 2026. (Case Distribution Schedule – October Term 2025.)

By that time, the State's deadline would have long since passed. It would have therefore had to have already begun retrial proceedings

9

or released Chandler from custody. Either option would irreparably harm the State.

If retrial to a new verdict occurs, no controversy would remain because Chandler would no longer be held under the allegedly unconstitutional judgment. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it."). Even beginning retrial proceedings would result in the use of judicial resources that might not be necessary. Witnesses will have to be found, assuming they can be. Pretrial hearings and motions will have to be held. And open days on which to hold a jury trial must be found on the trial court's busy schedule. All that will be for naught if the Supreme Court decides to grant certiorari and reverse this Court's decision.

The State could alternatively hold Chandler as a pretrial detainee awaiting trial, *see Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009) (noting that when "a state fails to retry him by the deadline set in a conditional writ, the state is not precluded from rearresting petitioner and retrying him under the same indictment") (cleaned up), and thus

delay the necessity of preforming some of those judicial functions until after the Supreme Court rules, but doing so would require the State to first vacate Chandler's convictions. And vacating his convictions may obviate the disputed constitutional violation, meaning there may no longer be a controversy for the Supreme Court to adjudicate and make the petition moot. *See Brown v. Vanihel*, 7 F.4th 666, 669–72 (7th Cir. 2021) (holding that the State's decision to vacate the underlying conviction divested the federal court of habeas jurisdiction and rendered the case moot).

Instead, the State could release Chandler within the allotted period, but doing so will endanger the public. Not only was Chandler convicted in this case of committing an atrocious crime—sexually assaulting a young child—*he did the same thing to at least three other children.*

All told, without a stay, either the State will have to put at risk any child Chandler might have contact with, or its petition for a writ of certiorari would become moot. The State should not be placed in such an untenable position while exercising its ability to seek review from a higher court. Therefore, there is good cause to stay the mandate.

11

13.  Because the State's petition "would present a substantial question" and because "there is good cause for a stay," this Court should "stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court."  Fed. R. App. P. 41(d)(1).

        Respectfully submitted,

        Dana Nessel
        Attorney General

        Ann M. Sherman (P67762)
        Solicitor General

        <u>/s/ Jared D. Schultz</u>
        Assistant Attorney General
        Co-Counsel of Record
        Attorneys for
        Respondent-Appellee
        Criminal Appellate and Parole
        Appeals Division
        P.O. Box 30217
        Lansing, MI  48909
        (517) 335-7650
        SchultzJ15@michigan.gov
        P80198

Dated:  August 7, 2025

## CERTIFICATE OF SERVICE

I certify that on August 7, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record (designated below).

/s/ Jared D. Schultz
Assistant Attorney General
Co-Counsel of Record
Attorneys for
Respondent-Appellee
Criminal Appellate and Parole
Appeals Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
SchultzJ15@michigan.gov
P80198

Chandler, Louis/2020-0282854-B/Motion to Stay Mandate